# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARK MILLER (#473135)**                 **CIVIL ACTION**

**VERSUS**

                                           **17-1677-BAJ-RLB**

**DR. PREETY SINGH, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 23, 2018.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARK MILLER (#473135)**                              **CIVIL ACTION**

**VERSUS**

                                                                  **17-1677-BAJ-RLB**

**DR. PREETY SINGH, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (R. Doc. 18) asking the court to order the defendants to schedule the plaintiff for additional time in the law library and allow the plaintiff to use a computer for typing, administer medications that were once prescribed for his disabilities, provide a duty status with restrictions, schedule necessary medical appointment, and return him to Elayn Hunt Correctional Center. Also before the Court is the plaintiff's Motion Stay and Abeyance (R. Doc. 19), requesting that this matter be stayed until injunctive relief is granted. These motions have been referred to the undersigned for review and are opposed. *See* R. Docs. 21 and 22.

The *pro se* plaintiff, an inmate previously confined at the Elayn Hunt Correction Center ("EHCC"), filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants, complaining that his constitutional rights have been violated through deliberate indifference to his serious medical needs. Plaintiff's suit pertains to those conditions during his incarceration at EHCC. In order to obtain injunctive relief, the plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff

fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

On the record before the Court, the plaintiff is not entitled to the relief requested. On or about April 11, 2018, the Plaintiff forwarded correspondence to the Court notifying the Court of his new address at Allen Correctional Center. *See* R. Doc. 7. Since the plaintiff has been transferred from EHCC, he is no longer subject to the care and control of the defendants. The United States Court of Appeals for the Fifth Circuit has clearly and repeatedly held that a transfer from one facility to another generally renders moot any claims for injunctive relief with respect to an inmate's prior facility.[1] Accordingly, inasmuch as the Plaintiff is no longer confined at EHCC, and is no longer subjected to any alleged wrongdoing at the hands of personnel employed at that facility, he has not made a showing of entitlement to injunctive relief.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (R. Doc. 18) be denied. It is further recommended that the plaintiff's Motion for Stay and Abeyance (R. Doc. 19) be denied as moot, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on October 23, 2018.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Harman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). See also *Kidd v. Livingston*, 463 F. App'x. 311, 314 (5th Cir. 2012); *Stern v. Hinds County, Mississippi*, 436 F. App'x. 381, 382 (5th Cir. 2001); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Davis v. Wall*, 50 F.3d 1033, *2 n. 3 (5th Cir. 1995).