UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARK A. MILLER                                                            CIVIL ACTION

VERSUS

PRETTY SINGH ET AL.                                  NO.: 17-01677-BAJ-RLB

<u>RULING AND ORDER</u>

I. INTRODUCTION

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 24)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addressed Plaintiff's **Motion for Temporary Restraining Order and a Preliminary Injunction (Doc. 18)** and **Motion for Stay and Abeyance (Doc. 19)**. The Magistrate Judge Recommended that both motions be denied.

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 24 at p. 1).

For the reasons stated herein, the Magistrate Judge's **Report and Recommendation (Doc. 24)** is **ADOPTED** as the Court's opinion herein.

1

## II. OBJECTIONS

Plaintiff filed objections to the Report and Recommendation. (Doc. 25). When a party objects to a magistrate judge's proposed findings and recommendations, the Court reviews de novo the recommendations to which an objection is made. 28 U.S.C. § 636(b)(1). The Court need not consider frivolous, conclusory, or generalized objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam). Nor need it reiterate the findings and conclusions of the magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam). After its review, the Court may accept, reject, or modify the recommendation of the magistrate judge, receive further evidence in the case, or return the matter to the magistrate judge with further instructions. 28 U.S.C. § 636(b)(1)(C).

The Magistrate Judge concluded that because Plaintiff was transferred from the Elayn Hunt Correctional Center to the Allen Correctional Center after he requested a temporary restraining order and injunctive relief, Plaintiff's motion is rendered moot. (Doc. 24 at p. 3). Plaintiff appears to argue that because he is still subject to the control of Defendant James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, his transfer between facilities is irrelevant to the analysis for injunctive relief. (Doc. 25 at p. 2). The Court disagrees. As the Magistrate Judge found, the United States Court of Appeals for the Fifth Circuit has repeatedly held that a "transfer from one facility to another generally renders moot any claims for injunctive relief with respect to an inmate's prior facility." *See Harman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that an

inmate's transfer from one correctional facility to another rendered his claims for injunctive relief moot). Moreover, the Court finds no precedent to indicate that an inmate remaining subject to the ultimate authority of a state cabinet official alters the conclusion articulated in *Harman*. As such, the Court rejects Plaintiff's argument.

Plaintiff raises several other points in his response to the Magistrate Judge recommendation; however, they appear to pertain to the merits of his retaliation and deliberate indifference claims, rather than the merits of the temporary restraining order itself. Accordingly, the Court finds no need to address them at this time.

## III. CONCLUSION

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's **Report and Recommendation (Doc. 24)** is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. 18)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Stay and Abeyance (Doc. 19)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 20th day of February, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA