# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK A. MILLER | CIVIL ACTION |
| VERSUS | |
| PRETTY SINGH ET AL. | NO.: 17-01677-BAJ-RLB |

## RULING AND ORDER

### I. INTRODUCTION

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 32)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses the **Motion to Dismiss (Doc. 13)** filed by Defendants Wanda Dupuy, Tim Hooper, James Lablanc, Casey McVea, Gregory Polozolo, and Preety Singh.

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 32 at p. 1).

For the reasons stated herein, the Magistrate Judge's **Report and Recommendation (Doc. 32)** is **ADOPTED** as the Court's opinion herein.

1

## II. OBJECTIONS

Plaintiff filed several objections to the Report and Recommendation. (Doc. 33). When a party objects to a magistrate judge's proposed findings and recommendations, the Court reviews de novo the recommendations to which an objection is made. 28 U.S.C. § 636(b)(1). The Court need not consider frivolous, conclusory, or generalized objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam). Nor need it reiterate the findings and conclusions of the United States Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam). After its review, the Court may accept, reject, or modify the recommendation of the magistrate judge, receive further evidence in the case, or return the matter to the magistrate judge with further instructions. 28 U.S.C. § 636(b)(1)(C).

### A. The Magistrate Judge's Removal from the Case

Plaintiff objects to the Magistrate Judge's recommendation by asserting that Plaintiff's motion to remove the Magistrate Judge from these proceedings is still pending. Since the filing of Plaintiff's objections, the Court has denied Plaintiff's motion. As such, Plaintiff's argument is moot.

### B. Plaintiff's Claim Under the ADA

Plaintiff asserts that the Magistrate Judge incorrectly decided that his ADA claims should be dismissed. (Doc. 33 at p. 2). The Court is satisfied with the Magistrate Judge's detailed analysis of the alleged facts and law regarding this issue and will not modify the conclusions reached. (Doc. 32 at pp. 10-11).

### C. Plaintiff's Failure to Serve Defendants

Plaintiff objects to the Magistrate Judge recommendation that his claims against Bickham and Raman Singh be dismissed for failure to serve. The record indicates that neither Bickham nor Ramen Singh were ever served. (Doc. 9). As such, the Court concurs with the Magistrate Judge's finding that Plaintiff's claims against them should be dismissed. *Dupre v. Touro Infirmary*, 235 F.3d 1340 (Table) (5th Cir. 2000) ("*Pro se* status does not excuse a litigant's failure to effect service.") (quoting *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

### D. Lack of Counsel

Plaintiff appears to argue that the Court should not adopt the Magistrate Judge's recommendation because Plaintiff lacks counsel in these proceedings. Plaintiff filed a motion for the appointment of counsel, which the Magistrate Judge denied on November 16, 2018. (Doc. 26). The Court is satisfied with the Magistrate Judge's detailed analysis of the facts and law regarding why Plaintiff is not entitled to the appointment of counsel for purposes of this litigation. The Court will decline to summarize the findings here. Nonetheless, the Court does not consider Plaintiff's lack of counsel to be a valid basis for rejecting the Magistrate Judge's recommendation.

### III. CONCLUSION

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and

Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 32)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Bickham and Raman Singh are **DISMISSED, WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss (Doc. 13)** is **GRANTED IN PART AND DENIED IN PART**, dismissing all of the plaintiff's claims **WITH PREJUDICE,** except Plaintiff's retaliation claim and claim for deliberate indifference asserted against Preety Singh.

**IT IS FURTHER ORDERED** that Plaintiff is granted 21 days from the date of this order to amend his complaint with respect to his retaliation claim and claim for deliberate indifference asserted against Preety Singh, in accordance with the Magistrate Judge's report. Defendants may reurge their motion to dismiss regarding these claims subsequent to any amendments to Plaintiff's complaint.

**IT IS FURTHER ORDERED** that this matter is referred back to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, this 27th day of February, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**