UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARK MILLER (#473135)                                CIVIL ACTION

VERSUS
                                                     17-1677-BAJ-RLB
DR. PREETY SINGH, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 10, 2019.

                                     _____
                                     RICHARD L. BOURGEOIS, JR.
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARK MILLER (#473135)**                                    **CIVIL ACTION**

**VERSUS**

                                                                              **17-1677-BAJ-RLB**

**DR. PREETY SINGH, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on a second Motion to Dismiss filed on behalf of defendants James LeBlanc, Dr. Preety Singh, Tim Hooper, Wanda Dupuy, Dr. Matthew Gamble, Gregory Polozolo, and Dr. Casey McVea (R. Doc. 43). The motion is opposed. *See* R. Doc. 49.

The *pro se* plaintiff, an inmate currently confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. (" ADA" ) against Dr. Preety Singh, Warden Tim Hooper, Nurse Wanda Dupuy, Gregory Polozolo, Dr. Raman Singh, Secretary James LeBlanc, Dr. Matthew Gamble, Dr. Bickham, and Dr. Casey McVea complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He prays for monetary and declaratory.

On February 28, 2019, the plaintiff's claims against defendants Dr. Bickham and Dr. Raman Singh were dismissed, without prejudice, for failure of the plaintiff to timely effect service upon them. On the same date all of the plaintiff's claims were dismissed, with prejudice, except the plaintiff's retaliation claim and claim for deliberate indifference asserted against Dr. Preety Singh. The plaintiff was granted 21 days to amend his complaint with respect to his retaliation claim and claim for deliberate indifference asserted against Dr. Preety Singh, without

prejudice to the defendants' reurging of a motion to dismiss subsequent to the plaintiff's amendments. *See* R. Doc. 38.

On or about March 26, 2019, the plaintiff filed an Amended Complaint. *See* R. Doc. 39. The instant Motion (R. Doc. 43) was filed shortly thereafter on April 8, 2019. The defendants assert that rather than comply with the Court's Order to amend his complaint with regards to his retaliation claim and claim for deliberate indifference asserted against Dr. Preety Singh, the plaintiff added defendants that were previously dismiss, added twelve new defendants, failed to allege any additional facts regarding his claim of deliberate indifference, and failed to allege personal involvement on the part of any defendant with regards to his retaliation claim.

Upon review of the plaintiff's Amended Complaint (R. Doc. 39), the Court concludes that the defendants are correct, and plaintiff has failed to state a claim upon which relief may be granted.[1] In his original Complaint, the plaintiff asserted that defendant Dr. Preety Singh failed to provide the plaintiff with a duty status that properly identifies his medical restrictions. The plaintiff was granted leave to amend his complaint to add further details regarding this claim. In his Amended Complaint (R. Doc. 39), the plaintiff makes no allegations with regards to defendant Dr. Preety Singh. Rather, he makes another assertion void of factual details that "…defendants refuse to provide him a Duty stats to protect him inclusive of appropriate restrictions." Nor does the plaintiff identify any person personally involved in the alleged retaliation. For the reasons previously explained (*see* R. Doc. 32), the plaintiff's Complaint as amended fails to state a claim upon which relief may be granted.

To the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may

---

[1] For the sake of brevity, the Court will pretermit recitation of the applicable law which was previously set forth in the Magistrate Judge's prior Report and Recommendation (R. Doc. 32).

decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, given the Court's recommendations, the Court further recommends that the exercise of supplemental jurisdiction be declined as the plaintiff's state law claims would substantially predominate over the claims over which the district court has original jurisdiction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss (R. Doc. 43) be granted, that the Court decline the exercise of supplemental jurisdiction in connection with the plaintiff's potential state law claims, and that this matter be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on June 10, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**